IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GREGORY LINSTON GILLILAN,

    Plaintiff

VS.   :   CIVIL ACTION NO. 5:11-CV-381 (MTT)

SHANTEK GOOCH,

    Defendant

**ORDER**

Plaintiff **GREGORY LINSTON GILLILAN,** presently incarcerated at Wheeler State Prison in Alamo, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records reveals that Plaintiff has a prolific filing history.   In fact, since 2006 he has filed more approximately 174 civil actions in the United States District Courts for the Middle and Southern Districts of Georgia.   At present, at least 11 of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Gillian v. Pollark*, 1:07-CV-50 (WLS)(M. D. Ga. April 4, 2007); *Gillilan v. Galloway*, 1:06-CV-71 (WLS)(M. D. Ga. March 5, 2007); *Gillilan v. Scarborough*, 1:05-CV-172 (WLS)(M. D. Ga. February 2, 2007); *Gillilan v. Harrison*, 1:06-CV-176 (WLS)(M. D. Ga. January 31, 2007); *Gillilan v. Bell,* 1:07-CV-3 (WLS) (M. D. Ga. January 11, 2007); *Gillilan v. Thomas*, 1:06-CV-122 (DHB)(S. D. Ga. January 10, 2007); *Gillilan v. Johnson*, 1:06-CV-177 (WLS)(M. D. Ga. January 8, 2007)( Additionally, a later appeal was dismissed as frivolous in this case on April 25, 2007); *Gillilan v. Cannon*, 1:06-CV-114 (WLS)(M. D. Ga. August 8, 2006); *Gillian v. Hilton*, 1:05-CV-133 (WLS)(M.D. Ga. August 18, 2006)(Additionally, a later appeal was dismissed in this case on May 8, 2007).

Because Plaintiff has had at least 11 prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).   Plaintiff has not made such a showing.

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.[1]   The Court notes that Plaintiff is incarcerated in the Wheeler Correctional Facility in Alamo, Georgia.   If Plaintiff wishes to bring a new civil rights action against this Defendant, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint in the Southern District of Georgia.

---

[1] In ***Dupree v. Palmer***, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 23rd day of September, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lnb